IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

KANSAS PENN GAMING, LLC,

        Plaintiff,

    vs.                      **Case No. 11-4155-RDR**

HV PROPERTIES OF KANSAS LLC,;
BENTLEY INVESTMENTS OF
NEVADA LLC; GARY L. HALL;
STEPHEN G. VOGEL; ROSS VOGEL;
and TIM SHALLENBURGER,

        Defendants.

_____

### MEMORANDUM AND ORDER

This is a diversity action brought by Kansas Penn Gaming, LLC (KPG) against HV Properties of Kansas LLC (HPV); Bentley Investments of Nevada, LLC (Bentley Investments); Gary L. Hall; Stephen G. Vogel; Ross Vogel and Tim Shallenburger. KPG asserts a claim of fraudulent transfer in violation of the Kansas Uniform Fraudulent Transfer Act (KUFTA), K.S.A. 33-201 et seq., against HVP. Kansas Penn further seeks a declaratory judgment that the individual defendants are alter egos of HVP and therefore liable for a fees judgment imposed by this court in an earlier case. This matter is presently before the court upon the individual defendants' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

**Factual Background/Allegations**

This case arises from prior litigation between KPG and HVP.

In September 2007, KPG entered into a real estate sales contract with HVP for the purchase of certain real estate with the intent of building a casino on the land.  KPG obtained a warranty deed to the real estate from HVP in exchange for $2.5 million.  The contract between the parties provided that KPG would pay HVP another $37.5 million in two separate installments when certain contingencies were met.  KPG ultimately decided not to build the casino.  Lawsuits were filed by both parties.  The real estate contract provided that the prevailing party in any lawsuit arising from it would be entitled to recover attorneys' fees.  The court eventually granted judgment to KPG on July 23, 2010.  The court found the contingencies in the real estate sales contract were not met and HVP was not entitled to the remainder of payments due under the contract.  The court later granted a fees and expenses award to KPG in an amount of approximately one million dollars.  The Tenth Circuit affirmed both orders of this court.  Kansas Penn Gaming, LLC v. HV Properties of Kansas, LLC, 662 F.3d 1275 (10th Cir. 2011).

In August 2010, the defendants purported to transfer a warranty deed of certain land located near the land that had been sold to KPG to Bentley Investments.  Bentley Investments' managing member is Gary Hall.  The warranty deed was purportedly entered as of July 16, 2012, but was signed by members of HVP and notarized on August 9 and 10, 2010.  The purported entry of the warranty deed was only four days after KPG filed its motion for attorneys' fees

2

in the underlying action.  The warranty deed was recorded on August 17, 2010.  Stephen Vogel has testified that the land in question was worth more than $500,000 at the time it was transferred.  He also testified that (1) HVP received no consideration for this conveyance; (2) this was the final asset of any substantial value owned by HVP; and (3) following this conveyance, HVP was unable to pay its debts and was insolvent since the only remaining asset anywhere was a bank account in Missouri with under $200 on deposit.

KPG's complaint contains two counts.  In the first count, KPG alleges that the transfer of the land from HVP to Bentley was fraudulent under K.S.A. 33-204(a)(1) because HVP made the transfer with actual intent to hinder, delay, or defraud KPG in its collection of the fees judgment.  KPG suggests that the following factors, inter alia, support a finding of actual intent:  (1) the transfer of the land was to an insider, i.e., Gary Hall, a member of HVP and Bentley Investments; (2) Hall constructively retained possession of the land before and after the dispute; (3) the land comprised the overwhelming majority of HVP's assets; (4) HVP received no consideration for the transfer of the land; (5) HVP was insolvent at the time of the transfer or became insolvent as a result of the transfer; and (6) the transfer was completed shortly after KPG filed a motion seeking fees and expenses under the real estate sales contract.  In the alternative, KPG asserts that the transfer of the land is fraudulent under K.S.A. 33-204(a)(2) and/or

K.S.A. 33-205(a) because HVP did not receive a reasonably equivalent value in exchange for the transfer of the land and HVP reasonably believed or should have reasonably believed that it would incur debts beyond HVP's ability to pay them as they became due.

In the second count, KPG seeks a declaratory judgment that the individual defendants are the alter egos of HVP.  In support of this count, KPG alleges that individual defendants (1) own, or have owned, all membership interests in HVP since its formation and have exercised complete and unfettered domination and control over HVP; (2) have used HVP to promote fraud and injustice by, _inter_ _alia_, causing the transfer of the land to another entity controlled by Hall with the actual intent to hinder, delay, or defraud KPG in its collection of a monetary judgment; and (3) have relied upon the separateness of the HVP corporate entity as a basis to avoid satisfying the fees judgment, and have required KPG to engage in additional litigation to pursue satisfaction of the fees judgment. KPG therefore requests that the court pierce the corporate veil and hold the individual defendants responsible for the fees judgment.

In the instant motion, the individual defendants contend that KPG has failed to sufficiently allege facts to support its claims against them.  They argue that the complaint contains few specific allegations of acts by them.  They also argue that KPG has failed to plead fraud with the specificity required for its fraudulent

conveyance or alter ego claims.

**Standard of Review**

A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2).  "Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  For the purposes of a motion to dismiss, a court assumes all factual allegations in the complaint are true, but does not assume the same for legal conclusions. Id. "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Id. at 663-664.

Rule 9(b) requires parties asserting fraud to "state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b).   "Malice, intent, knowledge, and other

conditions of a person's mind may be alleged generally." <u>Id</u>. Rule
9 "merely excuses a party from pleading discriminatory intent under
an elevated pleading standard. It does not give him license to
evade the less rigid-though still operative-strictures of Rule 8."
<u>Iqbal</u>, 556 U.S. at 686-87.   "[T]he general 'short and plain
statement of the claim' mandate in Rule 8(a) should control the
second sentence of Rule 9(b)." <u>Id</u>. at 687.   Rule 9(b) "does not
require courts to credit a complaint's conclusory statements
without reference to its factual context." <u>Id</u>. at 665.   The
complaint must "set forth the time, place and contents of the
failed representation, the identity of the party making the false
statements and the consequences thereof." <u>Schwartz v. Celestial
Seasonings, Inc.</u>, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting
<u>Lawrence Nat'l Bank v. Edmonds</u>, 924 F.2d 176, 180 (10th Cir. 1991)).

**KUFTA**

KUFTA defines a transfer made by a debtor to be fraudulent
concerning a creditor if it is made with actual intent to hinder,
delay, or defraud any of the debtor's creditors.   K.S.A. 33-
204(a)(1).   In determining intent, the following factors may be
considered:  1) the transfer or obligation was to an insider; (2)
the debtor retained possession or control of the property
transferred after the transfer; (3) the transfer or obligation was
disclosed or concealed; (4) before the transfer was made or
obligation was incurred, the debtor had been sued or threatened

6

with suit; (5) the transfer was of substantially all the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.  K.S.A. 33-204(b).

The parties have disagreed on whether the heightened pleading requirements of fraud under Rule 9(b) apply to KUFTA claims.  KPG, relying on a case from a bankruptcy court in New York interpreting Oklahoma law and a Georgia federal case interpreting Georgia law, argues that the pleading requirements of Rule 9(b) do not apply to fraudulent transfer claims.  See In re Tronox Inc., 429 B.R. 73 (Bankr.S.D.N.Y. 2010); Akanthos Capital Mgmt. v. Compucredit Holdings, 770 F.Supp.2d 1315 (N.D.Ga. 2001).  HVP, however, suggests that at least one Kansas federal district judge has concluded that Rule 9(b) does apply to claims under KUFTA.  See Jersey Realty and Inv. Co. v. Emco Mfg. Co., Inc., 187 F.R.D. 649 (D.Kan. 1999).  This court is inclined to agree with Judge Vratil that Rule 9(b) does apply to KUFTA claims.  See also In re Crescent

<u>Oil Co., Inc.</u>, 2011 WL 3878377 at * 1(Bankr.D.Kan. Aug. 31, 2011).

The court has thoroughly reviewed KPG's fraudulent transfer claim. The court is persuaded that KPG has adequately alleged fraud as required for a KUFTA claim. KPG has provided the necessary who, what, when and where of the alleged fraudulent conveyance. KPG has indicated that the individual defendants each signed and notarized a warranty deed that transferred certain property--the only valuable asset belonging to HVP--without any consideration to an entity controlled by one of the individual defendants. KPG has further alleged that the individual defendants did so after they lost a lawsuit to KPG and were confronted with a contractual fees request by KPG. These allegations are sufficient to assert a claim under KUFTA based upon the factors set forth in K.S.A. 33-204(b).

**Alter Ego**

Under Kansas law, "[t]he doctrine of alter ego is used to impose liability on the individual who uses a corporation merely as an instrumentality to conduct his own business. Such liability arises from fraud or injustice perpetrated . . . on third persons dealing with the corporation." <u>Sampson v. Hunt</u>, 233 Kan. 572, 579, 665 P.2d 743, 751 (1983). "[P]ower to pierce the corporate veil is to be exercised reluctantly and cautiously," with each case resting on its unique facts. <u>Id</u>. The Kansas Supreme Court has identified the following factors for consideration:

> An examination of the cases discloses that some of the factors considered significant in justifying a disregard of the corporate entity are: (1) Undercapitalization of a one-man corporation, (2) failure to observe corporate formalities, (3) nonpayment of dividends, (4) siphoning of corporate funds by the dominant shareholder, (5) nonfunctioning of other officers or directors, (6) absence of corporate records, (7) the use of the corporation as a facade for operations of the dominant stockholder or stockholders, and (8) the use of the corporate entity in promoting injustice or fraud.

Amoco Chemicals Corp. v. Bach, 222 Kan. 589, 567 P.2d 1337, 1341-42 (1977).

The parties again disagree on whether the heightened pleading requirements of Rule 9(b) apply to alter ego claims. KPG points to a Kansas federal case which states: "[A]llegations of alter ego liability, even when premised on claims of potentially fraudulent conduct, are governed by the liberal notice standard of Rule 8(a) rather than the particularity standard contained in Rule 9(b)." Wiebe v. Benefits Mgmt. Corp., 1993 WL 246096 at * 1 (D.Kan. June 17, 1993) (citations omitted). HVP suggests that Wiebe should not be followed because it was pre-Twombly.

The court finds it unnecessary to resolve this issue because we find that KPG has met the standards required by both Rule 8(a) and Rule 9(b). KPG has set forth sufficient allegations to establish the application of the alter ego theory. KPG has alleged that the individual defendants are the sole owners of HVP, that defendant Hall controls Bentley, and that each of the individual defendants "have exercised complete and unfettered domination and

control" over HVP.  Such allegations adequately present the alter ego claim under Rule 8(a) and Rule 9(b).  The totality of the allegations provides the who, what, when and where that are necessary.

In sum, the court shall deny HVP's motion to dismiss.

**IT IS THEREFORE ORDERED** that the individual defendants' motion to dismiss (Doc. # 26) be hereby denied.

**IT IS SO ORDERED.**

Dated this 19th day of June, 2012 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge